COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

July 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOY WALLS, Individually and | ) | KNOX COUNTY |
| as Surviving Spouse of | ) | 03A01-9707-CV-00269 |
| Decedent WENDELL M. GOODWIN | ) | |
| | ) | |
| Plaintiff-Appellant | ) | |
| | ) | |
| v. | ) | HON. DALE WORKMAN, |
| | ) | JUDGE |
| ACandS, INC., et al. | ) | |
| | ) | |
| Defendants-Appellees | ) | AFFIRMED AND REMANDED |

BRUCE HILL and MIKE G. NASSIOS OF KNOXVILLE; JOHN A. DAY and
DONALD CAPPARELLA OF NASHVILLE FOR APPELLANT

DWIGHT E. TARWATER, THOMAS A. BICKERS, ANDREW R. TILLMAN and
ROBIN K. LONGMIRE OF KNOXVILLE FOR APPELLEE OWENS-CORNING

KATHY K. CONDO OF PITTSBURGH, PA and F. SCOTT MILLIGAN OF
KNOXVILLE FOR APPELLEE PITTSBURGH CORNING CORPORATION

O P I N I O N

Goddard, P.J.

This suit was initiated by Plaintiff-Appellant, Wendell

Goodwin,[1] against Defendants-Appellees, Pittsburgh Corning

Corporation, Owens-Corning Fiberglas Corporation, and a number of

---

[1] Mr. Goodwin died during the pendency of this case and it was
revived in the name of his surviving spouse.

other Defendants,[2] seeking damages because of an illness Mr. Goodwin contracted--specifically a stomach cancer known as peritoneal mesothelioma--resulting from his occupational exposure to asbestos products manufactured and distributed by the Defendants, including Pittsburgh Corning and Owens-Corning.  The Trial Court, in response to the answers supplied by the jury through special interrogatories hereinafter set out, entered a judgment in favor of the Defendants because the Plaintiff's claim was barred by the applicable statute of repose, T.C.A. 29-28-103(a).

The Plaintiff appeals, raising the following issues:

I.    WHETHER THE TRIAL COURT ERRED BY ALLOWING DEFENDANTS TO (1) INTRODUCE EVIDENCE OF FAULT AGAINST NUMEROUS NONPARTY MANUFACTURERS OF ASBESTOS AND (2) ARGUE THAT FAULT SHOULD BE ASSIGNED TO THOSE NONPARTIES, WHERE PLAINTIFF HAD NO CAUSE OF ACTION AGAINST THOSE NONPARTIES

II.    WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT PLAINTIFF'S MOTION FOR A DIRECTED VERDICT TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE OF COMPARATIVE FAULT WHEN DEFENDANTS FAILED TO ESTABLISH THAT THE PRODUCTS OF NONPARTY ASBESTOS MANUFACTURERS WERE UNREASONABLY DANGEROUS OR DEFECTIVE OR CAUSED THE DECEDENT'S INJURIES AND DEATH

III. WHETHER THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE PROOF THAT DEFENDANTS HAD COMPLIED WITH OSHA REGULATIONS

---

[2]    It does not appear from the record that the claims against Defendants other than Pittsburgh Corning and Owens-Corning have been adjudicated.  However, in a response to a letter by the Clerk of this Court, counsel for the Plaintiff assures the Court that orders have been entered in the Trial Court adjudicating all claims of the other Defendants. Consequently, we shall treat this appeal as an appeal of right under Rule 3 of the Tennessee Rules of Appellate Procedure.

IV.  WHETHER THE TEN-YEAR PRODUCTS LIABILITY STATUTE OF REPOSE SHOULD NOT BE APPLIED TO EXTINGUISH EXISTING BUT UNDISCOVERED CAUSES OF ACTION ARISING FROM PRODUCTS CAUSING LATENT DISEASE, WHEN THE LEGISLATURE HAS EVIDENCED NO CLEAR INTENT TO APPLY THE STATUTE RETROACTIVELY

Mr. Goodwin began working with products containing asbestos in 1959, primarily in applying asbestos containing insulation materials to pipes on construction projects.  This required him to cut and saw the material for fitting around the pipes.  He worked with these materials until he was diagnosed with cancer of the abdomen in May of 1991, just four months before his death from this disease.  The proof as to whether Mr. Goodwin was exposed to any products manufactured by the Defendants and sold for use or consumption after June 30, 1969, is contested.

The jury's answer to the questions was favorable to both Defendants, which, if the statute of repose above mentioned is valid, would require affirmance of the judgment unless a prejudicial error occurred during the course of the trial, as insisted by three of the Plaintiff's four issues on appeal.

The questions propounded to the jury and its answer are as follows:

1.  Was any exposure of Wendell Goodwin to asbestos-containing products manufactured by Owens-Corning Corporation and sold for use or consumption after June 30, 1969 a substantial contributing cause of Wendell Goodwin's mesothelioma?

3

Answer __No__ (Yes or No)

2.	Was any exposure of Wendell Goodwin to asbestos-containing products manufactured by Pittsburgh-Corning Corporation and sold for use or consumption after June 39, 1969 a substantial contributing cause of Wendell Goodwin's mesothelioma?

Answer __No__ (Yes or No)

**(If your answer is "No" to both Q and No. 2, do not answer any furthe your answer is "No" to either Quest do not answer any further questions Defendant.)**

Apropos of the first two issues, counsel for the Plaintiff insists that Mr. Goodwin was denied a fair trial because the Court permitted the introduction of evidence relating to non-party defendants when any action against them was barred by the statute of repose, and because there was no proof in the record to show that the asbestos manufactured by them was unreasonably dangerous or defective or caused the Decedent's injuries and death.

Counsel for the Plaintiff insists, under the authority of Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79 (Tenn.1996), that it was not proper to assess fault under our comparative negligence doctrine to those non-party defendants.

On the other hand, the Defendants insist that the Plaintiff is readings Ridings too broadly and cite as authority Volz v. Ledes, 895 S.W.2d 677 (Tenn.1995).  The Defendants also rely upon a more recent opinion of our Supreme Court, Snyder v.

4

LTG Lufttechnische GmbH, 955 S.W.2d 252 (Tenn.1997), which holds that although fault may not be apportioned to immune defendants, it may be considered in determining the question of causation.

Whatever the resolution of the competing contentions may be, it is not necessary for us to make this determination in resolving issues one and two. We reach this conclusion because if the jurors followed the Court's instructions, and it is presumed that they did, State v. Blackmon, 701 S.W.2d 228 (Tenn.Crim.App.1985), upon answering questions one and two their work was complete and they would never have considered the evidence assailed by issues one and two. Thus, error, if any, in admitting the evidence or failing to charge the jury appropriately was harmless, as contemplated by Rule 36 of the Tennessee Rules of Appellate Procedure.

Before leaving these issues, we agree that where no negligence is shown on the part of non-defendant third parties, the judge should charge the jury that no fault may be apportioned to them.

As to issue three, it is true that case law supports counsel for the Plaintiff's insistence that evidence of the Defendants' compliance with the OSHA regulations was erroneous. Tuggle v. Raymond Corporation, 868 S.W.2d 621 (Tenn.App.1992). This, however, would only become relevant if the jury had answered yes to questions one and two, and thereafter found that

5

the Defendants were not guilty of negligence. As already noted, in the case at bar, the jurors were specifically instructed that if they answered no to questions one and two, they should not answer further questions. Again, if the jurors followed the instructions of the Trial Court which, as also already noted, it is presumed that they did, they never reached the issue of the Defendants' negligence. Thus, the admission of the OSHA evidence was also harmless error.

On February 23, 1998, issue four was resolved against the Plaintiff's contention by the Supreme Court denying the application for appeal in the case of <u>Bowman v. A-Best Products Co., Inc.</u>, a to-be reported opinion of this Court, filed in Knoxville on August 27, 1997. At the time the Plaintiff filed her brief, an application for permission to appeal by the plaintiff in <u>Bowman</u> was still pending before the Supreme Court and counsel for the Plaintiff candidly concede that this issue was raised as a precautionary measure should the Supreme Court accept and reverse the holding in <u>Bowman</u>.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiff and her sureties.

_____
Houston M. Goddard, P.J.

6

CONCUR:

_____
Don T. McMurray, J.


_____
William H. Inman, Sr.J.

Don T. McMurray, J.